REQUESTED BY: Senator Don Wesely Nebraska State Legislature State Capitol, Room 808 Lincoln, Nebraska 68509
Dear Senator Wesely:
This is in reply to your inquiry concerning the return of cash bail deposited to assure the appearance of the defendant in a criminal case. You state this opinion is needed for a legislative purpose to determine if legislation is needed.
You specifically ask if the court may return all of the cash bond to a defendant, instead of retaining ten percent for costs as directed by Neb.Rev.Stat. § 29-901(3) (Reissue 1979), particularly in the case where the charges are dismissed and the person is no longer required to appear.
Enclosed is a copy of Opinion No. 142 issued November 12, 1975, by this office concerning a similar question which we have reviewed and find to still be valid. As concluded in that opinion, the wording of the statute that `ten percent to be retained by the clerk as appearance bond costs' compels the conclusion that this amount is to be kept irrespective of the later processing of the case.
This bill was a result of an extensive study by the Legislative Council on bail bonds and the provision in question here was adopted verbatim from the Illinois law. The practice in Illinois was to retain the ten percent and return the ninety percent of the cash bond when the condition was fulfilled or when the defendant was acquitted after trial or the case dismissed.
A class action was commenced on behalf of all persons who had put up cash bonds contending that keeping the ten percent for bond costs after a dismissal or acquittal after trial was unconstitutional. However, the Supreme Court of Illinois upheld the constitutionality of the act in all respects. It concluded that those who elected to use the ten percent bond provision constituted a separate class and that all persons within that class were treated equally. The argument that the retention of the bond costs discriminated against the poor because rich persons could use some other type of bail, which did not contain such provision, was also dismissed by the court. The court stated that there was no evidence to support the contention that this discriminated against the poor; that it could be as logically argued that the one percent of the total bond retained for costs was a reasonable fee that the relatively affluent might rather pay than tie up large amounts of cash or property for an indefinite period. The court concluded that in any case it was clear that the choice between the different kinds of bail was not necessarily dictated by whether the defendant was wealthy or poor.
As to the contention that a flat one percent cost bond was arbitrary since one percent on a large amount would provide much greater costs than on a smaller amount, the court dismissed by listing a number of different forms of taxation based upon a flat percentage which have been held not to be discriminatory.
The court concluded by saying that the classification bears a reasonable relationship to the objects sought to be obtained which were, as evidenced by the record and legislative studies, to eventually eliminate the power of bail bondsmen over criminal defendants and get this matter back in the hands of the court. It pointed out that the ten percent bail was customarily the percentage the criminal defendant had to pay a bail bondsman as commission which was never returned to the defendant. Schilb v. Kuebel, (S. Ct. Ill.), 264 N.E.2d 377, 46 Ill.2d 538.
A study of the two largest counties in Nebraska indicates that the practice is uniform, that upon dismissal of a case before appearance that ninety percent of the original ten percent is refunded to the defendant and the other ten percent is retained as bail bond costs.
It is therefore our opinion that in all cases where a defendant puts up a ten percent cash bond under the provisions of Neb.Rev.Stat. § 29-901(3) (Reissue 1979) that ten percent thereof is to be retained as bail bond costs.
You also ask about Neb.Rev.Stat. § 29-901.04 (Reissue 1979).
This section authorizes a judge who shall order release of a defendant on any conditions specified in § 29-901 to later amend his order to impose additional or different conditions of release. You ask, in the case where the court has authorized, and defendant has deposited, the ten percent cash bond under § 29-901(3)(a), if this may be returned in full on amended order of release.
We think this question has been answered by the enclosed opinion which contains the computation of the amount to be returned and the amount to be retained upon reduction of the bond by the court.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General